By the Court :
It is impossible to maintain that the purchaser of land, in Ohio, at sheriff’s sale, can be considered as in the actual or constructive possession, in consequence of such purchase. ■ He obtains a right of possession only; and where adverse possession is persisted in, he must resort to legal process to invest himself with it. A summary process of forcible detainer is given to him, and when he proceeds in that manner, his possession can only commence from the time he obtains it, in virtue of the writ of restitution.
From a careful examination of all the authorities cited, we are satisfied that a plaintiff can not maintain this action of trespass without showing an actual possession in himself, at the time the trespass complained of is committed. The action for mesne profits, founded upon a recovery in ejectment, rests on grounds peculiar to itself. The doctrines that govern it have never been extended to cases where possession of lands, held adversely, has been obtained by other means.
The cases cited from Massachusetts do not apply. They are all predicated upon the particular provisions of the statutes of that state. There the growing crops are valued with the lands, and the whole together set off to the plaintiff in discharge of his claim. The officer is commanded by his writ to deliever seizin and possession to the plaintiff. Thus an actual possession commences, and a price is paid for the emblements. It is not so here. The land is valued without reference to the crop. The officer has nothing to do with giving possession. The person to receive it *is uncertain until the sale is effected — and at the sale the purchaser pays for the land only. The cases are essentially distinct in all their principal features. Judgment must be given for the def'endant.†

NoTE by the Editor. — The doctrine of this case, that possession is necessary in the plaintiff to maintain trespass, will be found in the following Ohio cases: iv. 433 ; viii. 40; xv. 248.